### E. F. EDGE v. STATE.

No. A-7692. Opinion Filed Oct. 4, 1930.
(291 Pac. 985.)

Rainey, Flynn, Green & Anderson, John J. Hildreth, and Fred W. Green, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted in the county court of Logan county, of cutting and injuring growing timber, and was fined $1,000 and to pay the costs. Judgment was rendered on the 26th day of October, 1929, and the case-made filed in this court on the 18th day of December, 1929.

The record in this case discloses that notice of appeal was served on the county attorney, but no notice was served on the court clerk of the county in which the defendant was tried; that no summons in error has been issued and served as provided by law, nor has the issuing and serving of the summons been waived by the state. Section 2809, C. O. S. 1921, provides that notice shall be served upon the clerk of the court and upon the prosecuting attorney, and the service of this notice on the county attorney and the court clerk are prerequisite steps necessary to confer upon this court jurisdiction to hear and determine the appeal. The statute requires that written notice of appeal be served on both the clerk of the court and the prosecuting attorney, and service on one of these parties does not satisfy the statute, and where the case-made fails to show that the notice of appeal was served upon both the court clerk and the county attorney, or that summons in error had been issued and served, or that service had been waived by the state, this court is without jurisdiction to consider the case. Dobbs v. State, 5 Okla. Cr. 481, 114 Pac. 358, 115 Pac. 370; Gordon v. State, 40 Okla. Cr. 85, 267 Pac. 285; Sharer v. State, 40 Okla. Cr. 420, 269 Pac. 511.

For the reasons assigned, the attempted appeal is dismissed.

EDWARDS, P. J., and CHAPPELL, J., concur.